# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MARK BOWDEN**, | Case No. 3:17-cv-1411-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **GENIE INDUSTRIES (A TEREX BRAND) INC.**, | |
| Defendant. | |

J. Randolph Pickett, Kimberly O. Weingart, Shangar S. Meman, and Rachel Mae Jennings, PICKETT DUMMIGAN MCCALL LLP, Centennial Block, Fourth Floor, 210 SW Morrison St., Suite 400, Portland, OR 97204. Of Attorneys for Plaintiff.

Nicholas E. Wheeler, Josephine C. Kovacs, and Julie Annette Smith, COSGRAVE VERGEER KESTER LLP, 900 SW Fifth Ave., 24th Floor, Portland, OR 97204. Of Attorneys for Defendant Genie Industries (A Terex Brand) Inc.

**Michael H. Simon, District Judge.**

Plaintiff Mark Bowden brought this action against Defendant Genie Industries (A Terex Brand) Inc. for the injuries he suffered when operating a boom lift designed, manufactured, and sold by Defendant. After a four-day trial, the jury found Defendant liable for strict products liability and not liable for negligence. The jury found Plaintiff comparatively at fault by 48 percent and awarded Plaintiff $3,353,449.19 in economic and noneconomic damages. The Court

PAGE 1 – OPINION AND ORDER

then reduced Plaintiff's damages due to his comparative fault and entered judgment in favor of

Plaintiff in the amount of $1,731,305.80. ECF 166. Defendant has filed a renewed motion for

judgment as a matter of law, new trial, or remittitur. For the reasons explained below, the Court

denies Defendant's motion.

**STANDARDS**

**A.  Judgment as a Matter of Law**

Under Rule 50(b) of the Federal Rules of Civil Procedure, judgment as a matter of law is

proper if "the evidence permits only one reasonable conclusion, and that conclusion is contrary

to the jury's verdict." *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009)

(quotation marks omitted); *see also Weaving v. City of Hillsboro*, 763 F.3d 1106, 1111 (9th

Cir. 2014) (explaining that a motion for judgment as a matter of law must be granted if "the

evidence and its inferences cannot reasonably support a judgment in favor of the opposing

party"). Because a motion under Rule 50(b) is a renewed motion, "a party cannot properly 'raise

arguments in its post-trial motion for judgment as a matter of law that it did not first raise in its

Rule 50(a) pre-verdict motion.'" *Go Daddy*, 581 F.3d at 961 (quoting *Freund v. Nycomed

Amersham*, 347 F.3d 752, 761 (9th Cir. 2003)).

A court reviews properly raised arguments challenging the factual sufficiency of a jury's

verdict for substantial evidence. That means that "the jury's verdict must be upheld if there is

'evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary

conclusion.'" *Id.* at 963 (quoting *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002)); *see also*

*Weaving*, 763 F.3d at 1111 (noting that substantial evidence is "such relevant evidence as

reasonable minds might accept as adequate to support a conclusion even if it is possible to draw

two inconsistent conclusions from the evidence" (quotation marks omitted)). In ruling on a

motion under Rule 50(b) based on a ground not asserted in a motion under Rule 50(a), a court is

PAGE 2 – OPINION AND ORDER

"limited to reviewing the jury's verdict for plain error, and should reverse only if such plain error would result in a manifest miscarriage of justice." *Go Daddy*, 581 F.3d at 961 (quotation marks and citation omitted). "This exception, however, permits only extraordinarily deferential review that is limited to whether there was *any* evidence to support the jury's verdict." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1109 (9th Cir. 2001) (emphasis in original) (quoting *Patel v. Penman*, 103 F.3d 868, 878 (9th Cir. 1996)).

In evaluating a motion for judgment as a matter of law, the Court views the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Experience Hendrix, L.L.C., v. Hendrixlicensing.com, Ltd.*, 762 F.3d 829, 842 (9th Cir. 2014). Further, the Court may not make credibility determinations, weigh the evidence, or "substitute its view of the evidence for that of the jury." *Krechman v. City of Riverside*, 723 F.3d 1104, 1110 (9th Cir. 2013) (quotation marks and citation omitted).

**B.  New Trial**

Under Rule 59(a) of the Federal Rules of Civil Procedure, a district court may "on motion, grant a new trial on all or some of the issues—and to any party . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). "Rule 59 does not specify the grounds on which a motion for new trial may be granted." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007). "Rather, the court is 'bound by those grounds that have been historically recognized.'" *Id.* (quoting *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003)). "Historically recognized grounds include, but are not limited to, claims 'that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.'" *Id.* (quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)); *see also Shimko v. Guenther*, 505 F.3d 987, 993 (9th Cir. 2007).

PAGE 3 – OPINION AND ORDER

Unlike a motion (or renewed motion) for judgment as a matter of law under Rule 50, when considering motion for new trial under Rule 59 the Court is not limited to viewing the evidence in the light most favorable to the non-moving party. *Experience Hendrix*, 762 F.3d at 842. Rather, the Court "can weigh the evidence and assess the credibility of the witnesses." *Id.* Although a district court may view the evidence differently than the jury, a district court may not substitute its "evaluations for those of the jurors." *Union Oil Co. of Cal. v. Terrible Herbst, Inc.*, 331 F.3d 735, 743 (9th Cir. 2003); *see also Silver Sage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 819 (9th Cir. 2001) ("[A] district court may not grant a new trial simply because it would have arrived at a different verdict."); *France Telecom S.A. v. Marvell Semiconductor Inc.*, 2015 WL 925892, at *1 (N.D. Cal. Mar. 2, 2015) (noting that a judge should not grant a new trial unless "left with the definite and firm conviction that a mistake has been committed" (quoting *Landes Constr. Co. v. Royal Bank of Canada*, 833 F.2d 1365, 1371-72 (9th Cir. 1987)).

A "trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Molski*, 481 F.3d at 729 (quoting *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 510 n.15 (9th Cir. 2000)). In determining the clear weight of the evidence, "the district court has 'the duty . . . to weigh the evidence as [the court] saw it, and to set aside the verdict of the jury, even though supported by substantial evidence, where, in [the court's] conscientious opinion, the verdict is contrary to the clear weight of the evidence.'" *Id.* (alterations in original) (quoting *Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990)).

**DISCUSSION**

**A.  Judgment as a Matter of Law**

**1.  Products Liability Claim Based on Failure to Warn**

Defendant argues that it is entitled to judgment as a matter of law on Plaintiff's products liability claim based on a theory of failure to warn because Plaintiff offered no evidence showing that Defendant knew or should have known that the boom would jolt from side to side when an operator only lightly engages the joystick. Defendant emphasizes that based on Plaintiff's uncontested account of the accident at trial, the lift shot out of its parked position at a high speed when Plaintiff only lightly engaged the joystick. Defendant argues that it had no reason to know of this risk of lateral movement from a lightly engaged joystick and that even if it did, a warning would not have prevented the injury.

Under *Purdy v. Deere & Co.*, 311 Or. App. 244, 263-64 (2021), the Court instructed the jury that a manufacturer "is not required to give a warning against a danger unless the manufacturer . . . knew or reasonably should have known of the presence of the danger." Tr. 646. The jury heard the following evidence that bears on foreseeability: (1) Dr. Hunt's testimony that Defendant designed the lift to include a drive enable switch, which must be engaged to operate the lift when the boom is in the reverse position (Tr. 192); (2) Dr. Hunt's testimony that Defendant's design of the lift restricts it to traveling at one foot per second when the boom is in the reverse position and above horizontal orientation (Tr. 193); Dr. Hunt's testimony that Defendant has "'knowledge' in the machine and that ability [to reduce maximum driving speed] in the machine" (Tr. 193); Dr. Hunt's testimony that it is "perfectly foreseeable" that an operator would "get on the joystick a little too aggressively" (Tr. 205); and Jason Berry's testimony that as part of the design process for the lift, Defendant conducted risk assessments for loss of stability, uncontrolled movement, and sudden movement (Tr. 609).

PAGE 5 – OPINION AND ORDER

From this evidence, a reasonable jury could conclude that Defendant should have known that the boom would shake laterally when in the reverse position and stopped after the lift had been traveling at a high rate of speed. Defendant argues, however, that the very same set of events that occurred during the accident must have been foreseeable to Defendant to impose liability. Thus, in this case, Defendant argues, Plaintiff must show that it was foreseeable that the lift would jolt out of its parked position when an operator only lightly engages the joystick. The Court is not persuaded that foreseeability requires such a narrow construction. Describing the foreseeability element of a negligence claim, the Oregon Supreme Court has explained that a certain risk may be foreseeable from certain conduct even if the exact mechanism of harm itself was not necessarily foreseeable: "One reasonably might foresee that a fire might place others seeking to protect a neighboring building in danger of injury by falling as well as by being burned, even though one might not foresee that the fall would be through an insecurely covered and hidden skylight." *Fazzolari ex rel. Fazzolari v. Portland Sch. Dist. No. 1J*, 303 Or. 1, 13 (1987) (discussing *Stewart v. Jefferson Plywood Co.*, 255 Or. 603 (1970)); *see also Jefferson Plywood*, 255 Or. at 610 ("Whether the harm in a particular case is deemed foreseeable may depend upon the manner in which we describe 'harm.'").

Here, based on the above-described testimony, the jury could reasonably conclude that Defendant should have known that the boom would shake laterally when in the reverse position and the lift stopped after traveling at a high speed. Just as the plaintiff in *Jefferson Plywood* did not need to show it was foreseeable that he would fall through a hidden skylight in a burning building as opposed to simply falling, here Plaintiff did not need to show that it was foreseeable the boom would shake when the lift traveled at high speeds after the joystick was only lightly engaged as opposed to fully engaged.

PAGE 6 – OPINION AND ORDER

Defendant also argues that even if the risk was foreseeable, the lack of a warning did not cause Plaintiff's injury because Plaintiff only lightly engaged the joystick. Defendant's argument relies on the assumption that an adequate warning would only have advised the operator to move the lift at a low speed. Based on Dr. Rustin Hunt's testimony, however, the jury could have reasonably concluded that an adequate warning would have advised the operator to brace him or herself when operating the lift with the boom in a reverse position. Tr. 207 ("You would need to say, to avoid being turned down, thrown out sideways, however you want to word that, you would have to brace yourself and move the stick very slowly, or something along those lines."). The jury also saw a video of Shawn King, who, with instruction from Plaintiff to brace himself, repeated the lateral shaking in the same lift that Plaintiff had used on the day of his accident and suffered no injury. Tr. 74, 84, 89. Based on this evidence, the jury could reasonably conclude that the lack of an adequate warning caused Plaintiff's injury. Thus, substantial evidence supports the jury's verdict as to Plaintiff's failure to warn theory.

### 2.  Products Liability Claim Based on Design Defect

Defendant argues that it is entitled to judgment as a matter of law on Plaintiff's products liability claim based on a theory of design defect because Plaintiff did not offer expert testimony on a consumer's reasonable expectations under the same conditions that led to Plaintiff's accident. Defendant points out that John Biskey was not able to replicate the accident under the same conditions Plaintiff testified at trial—that the lift "took off" as soon as Plaintiff lightly engaged the joystick. Thus, Defendant argues, Mr. Biskey's opinion about a consumer's reasonable expectations bears no relationship to Plaintiff's accident.

Mr. Biskey did, however, replicate the boom's sudden lateral movement by testing the reverse arcing turn at high speed and high RPM. Tr. 139 In part based on that test, Mr. Biskey opined that the lift was unreasonably dangerous. Tr. 144-45. Based on Mr. Biskey's testimony,

PAGE 7 – OPINION AND ORDER

therefore, the jury could reasonably conclude that a lift that immediately reaches full speed even when the operator only lightly engages the joystick (as Plaintiff testified) is also unreasonably dangerous.

Defendant also argues that Mr. Biskey's proposed alternative design was not feasible or practical. Under Oregon law, however, Plaintiff was not required to offer an alternative design. *See* ECF 84 (MSJ Opinion), at 11; *McCathern v. Toyota Motor Corp.*, 332 Or. 59, 78 (2001). Substantial evidence therefore supports the jury's verdict as to Plaintiff's design defect theory.

## B.  Partial Judgment as a Matter of Law

### 1.  Post-2016 Damages

Defendant argues it is entitled to partial judgment as a matter of law on any post-2016 damages, the point at which Defendant contends Plaintiff's acute injuries resolved. Defendant argues that the record lacks expert testimony stating with reasonable medical probability that Plaintiff's knee and back issues after 2016 were caused by the 2015 accident as opposed to preexisting arthritis or his 43 years spent working in the shipyards. In other words, Defendant argues there is no competent medical opinion establishing causation for Plaintiff's post-2016 damages.

As for Plaintiff's knee, Dr. Vladimir Fiks testified on direct examination that "[i]t appears that [Plaintiff] does have evidence of what I think is post-traumatic arthritis in his right knee." Tr. 243. Defendant points to Dr. Fiks' testimony on cross-examination in which Dr. Fiks clarified that he only had a "suspicion" that Plaintiff had posttraumatic arthritis in his knee and that he could not reach a conclusion on that issue with a reasonable degree of medical certainty until he reviewed an x-ray. Tr. 247-49. On redirect, Plaintiff's counsel read from the transcript of the parties' phone call with Dr. Fiks from the day before in which Dr. Fiks agreed that Plaintiff

PAGE 8 – OPINION AND ORDER

was experiencing a progression of posttraumatic arthritis in his knee.[1] Tr. 255. Plaintiff's counsel

asked Dr. Fiks on redirect whether, considering he must give opinions with only a reasonable

degree of medical probability, Dr. Fiks would change any his statements from the day before. *Id.*

Dr. Fiks responded that he would not change his prior opinions and that everything he previously

stated over the phone was correct. *Id.*

Defendant was entitled to point out the inconsistencies in Dr. Fiks' testimony, and the

jury was free to discount it. On the other hand, the jury was also free to credit Dr. Fiks' opinion

that Plaintiff suffered from posttraumatic arthritis in his knee (as opposed to arthritis caused by

aging) as persuasive.

As for Plaintiff's back, Dr. Carl Balog testified that the accident caused Plaintiff's

transverse process fractures, which is one of the acute injuries Defendant contends resolved by

the end of 2016. Tr. 265-66. Dr. Fiks, however, who took over Plaintiff's pain management

in 2017, testified that Dr. Balog had diagnosed Plaintiff with "facet syndrome or facet injuries *as*

*related to his injuries*." Tr. 239 (emphasis added). Dr. Fiks testified that he treated Plaintiff based

on that diagnosis. *Id.* Dr. Fiks also testified that based on his treatment of Plaintiff, a combination

of Plaintiff's knee and back injuries prevented him from working as a longshoreman. Tr. 246. A

reasonable jury could conclude from this evidence that the 2015 accident caused both Plaintiff's

acute back injuries and facet syndrome and that his knee and back injuries prevented him from

---

[1] Plaintiff filed an updated witness disclosure two business days before trial disclosing
Dr. Fiks' diagnosis that Plaintiff suffered from posttraumatic arthritis in his right knee. *See*
ECF 146; Tr. 5. Defendant moved to strike Plaintiff's disclosure as untimely, and before ruling
on the motion, the Court requested that Plaintiff's counsel make Dr. Fiks available to
Defendant's counsel over the phone and out of the presence of the jury. Tr. 8. The Court
ultimately allowed Dr. Fiks to testify about his most recent visit with Plaintiff.

working even after 2016. Thus, substantial evidence supports the jury's award of damages after 2016.

### 2. Permanent Injury

Defendant also argues that even if there is evidence to support causation as to Plaintiff's arthritis and facet syndrome, there is no evidence from which a jury could conclude that Plaintiff's injuries were permanent. Thus, Defendant argues, it is entitled to partial judgment as a matter of law on all post-trial noneconomic damages.

"A permanent injury is an injury that 'will last during the life of the injured person.'" *Elan v. Tate*, 294 Or. App. 76, 80 (2018) (quoting *Skultety v. Humphreys*, 247 Or. 450, 455 (1967)). "That is different from future pain and suffering, which need not last for the person's lifetime." *Id.* To instruct the jury on a permanent injury, there must be some evidence from which a jury could conclude that the plaintiff's injury would more likely than not last for his or her lifetime. *Id.* at 86.

Dr. Fiks testified that throughout his treatment of Plaintiff and up to his most recent visit with Plaintiff shortly before trial, Dr. Fiks did not believe Plaintiff could return to work. Tr. 246. Dr. Balog testified that during his treatment of Plaintiff, Plaintiff "was clearly not able to work." Tr. 273. Dr. Balog also testified that Plaintiff had expressed concern that his injury may lead to disability and an inability to return to work, and Dr. Balog commented that "sadly, that happened here with him." Tr. 277. Plaintiff also testified that as of trial, which took place nearly seven years after the accident, he continued to feel pain in his right knee, had to be careful with the way he walked, and had to learn to live with the pain in his back. Tr. 371-73. Drawing all reasonable inferences in Plaintiff's favor, the jury could reasonably conclude from that testimony that Plaintiff's injuries were permanent.

PAGE 10 – OPINION AND ORDER

## C.  New Trial

Defendant first argues the Court should order a new trial if it rules in Defendant's favor on its motion for partial judgment as a matter of law. Because the Court denies Defendant's motion for partial judgment as a matter of law, the Court need not address this argument.

Defendant also argues that the Court should order a new trial because the jury's verdict goes against the clear weight of the evidence. Defendant argues that Plaintiff's expert witnesses failed to support Plaintiff's products liability claims and failed to establish causation. Weighing the evidence as the Court saw it, the Court finds that the verdict does not go against the clear weight of the evidence. For the reasons described above, Plaintiff's experts provided sufficient testimony supporting Plaintiff's failure to warn and design defect products liability claim and supporting an award of damages after 2016.

Defendant next argues that the jury awarded excessive damages, and the Court should order a new trial on damages. The jury's damages award is supported by evidence of Plaintiff's past earnings, predicted retirement age, and testimony from Plaintiff and his family about Plaintiff's pain and suffering. The jury's damages award is not excessive.

Defendant also contends a new trial is warranted based on erroneously admitted evidence. First, Defendant argues the Court should not have allowed Plaintiff to amend his expert witness disclosure for Dr. Fiks only days before trial, in which Dr. Fiks diagnosed Plaintiff with posttraumatic arthritis in the knee. The Court concludes that Plaintiff's amended disclosure does not warrant a new trial because the Court allowed Defendant an opportunity to speak with Dr. Fiks over the phone out of the presence of the jury and then to consult with Defendant's medical expert, Dr. Mark Manoso, all before Dr. Fiks testified. Defendant did not request a continuance.

Defendant also argues the Court erred by admitting Plaintiff's wage reports even though Plaintiff had not called a custodian to lay a foundation for the business records exception to hearsay or otherwise established the records either were not hearsay or qualified for an exception. Defendant contends these records led the jury to award excessive wage loss damages. The Court, however, concludes that admission of Plaintiff's wage reports does not warrant a new trial because even without that evidence, Plaintiff testified that he earned approximately $100,000 per year prior to the accident, which corresponds to the jury's past and future wage loss award. Tr. 424; ECF 161.

In sum, the Court declines to grant a new trial. Because there are no grounds for a new trial, the Court need not address Defendant's arguments related to remittitur.

## CONCLUSION

The Court DENIES Defendant's renewed motion for judgment as a matter of law, new trial, or remittitur (ECF 167).

**IT IS SO ORDERED**.

DATED this 28th day of July, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge